# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| GREGORY GILLILAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV608-051 |
| ) | |
| JOHN PAUL, D. DASHER, and LT. ) | |
| WAYNE HALL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Gregory Gillilan has filed an action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He has also filed a motion to proceed *in forma pauperis*. (Doc. 2.) For the reasons that follow, his motion to proceed *in forma pauperis* should be **DENIED** and his case should be **DISMISSED**.

Plaintiffs are generally required to pay a filing fee in order to institute any civil action in federal district court. 28 U.S.C. § 1914.

Indigent prisoners may commence an action without prepayment of the filing fee if they proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] However, § 1915(g) states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, a prisoner barred from proceeding *in forma pauperis* due to § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[1] Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up front. 28 U.S.C. § 1915(b)(1).

Gillilan is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g).[2] Accordingly, without a showing of "imminent danger of serious physical injury," his complaint should be dismissed without prejudice. 28 U.S.C. §

---

[2] Gillilan has a prolific filing history. Since June 16, 2005, he has filed more than eighty actions in the federal courts in the State of Georgia. The following cases, likely along with many others, have been dismissed pursuant to § 1915: Gillilan v. Pollark, CV107-50 (M.D. Ga. 2007) (dismissed as frivolous); Gillilan v. Harrison, CV106-176 (M.D. Ga. 2007) (same); Gillilan v. Bell, CV107-3 (M.D. Ga. 2007) (same); Gillilan v. Johnson, CV106-177 (M.D. Ga. 2007) (same); Gillilan v. Thomas, CV106-122 (S.D. Ga. 2007) (dismissed for failure to state a claim); Gillilan v. Cannon, CV106-114 (M.D. Ga. 2006) (same); Gillilan v. Hilton, CV105-133 (M.D. Ga. 2006) (same).

In fact, just since the beginning of this year, Gillilan has filed eight complaints, in addition to the present complaint, in Georgia federal district courts, alleging that: (1) prison officials have refused to provide him with seizure medications and as a result he has suffered multiple head injuries, Gillilan v. Jackson, CV608-037 (S.D. Ga. 2008); (2) prison officials fail to supervise him sufficiently to protect him from being injured during seizures, his cell is filthy, prison officials refused to permit him to have a necessary surgery, and prison doctors are unqualified, Gillilan v. Broome, CV608-052 (S.D. Ga. 2008); (3) prison officials fail to stay at their assigned posts, resulting in delayed attention to Gillilan's medical concerns, Gillilan v. Williams, CV508-095 (M.D. Ga. 2008); (4) prison guards continuously discriminate against white inmates and favor African-American inmates by leaving televisions tuned to the Black Entertainment Television network and denial of medical care, Gillilan v. Brewton, CV508-135 (M.D. Ga. 2008); (5) prison officials refuse to allow him to have surgery for a brain tumor despite physician's orders, Gillilan v. Bell, CV508-105 (M.D. Ga. 2008); (6) a female prison guard refused to escort him to his gallbladder surgery room because he would not strip naked for her, Gillilan v. Tootel, CV508-083 (M.D. Ga. 2008); (7) prison guards destroyed his confidential court documents, handcuffed him behind his back, and forced him to remain in a shower, despite medical orders directing that he not be subjected to prolonged standing and that he be handcuffed in the front only, Gillilan v. Hall, CV508-094 (M.D. Ga. 2008); and (8) a female guard refused to stay at her assigned post, resulting in her neglecting Gillilan's medical necessities, Gillilan v. Harnage, CV508-104 (M.D. Ga. 2008).

1915(g). In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Gillilan claims that officials at Georgia State Prison placed him in an isolation cell that had been set on fire two days earlier by a mental health inmate, resulting in an unhealthy accumulation of black soot throughout the cell. (Doc. 1 at 4.) He asserts that he has "already caught T.B." and hepatitis-C from isolation cells and that his present exposure to this "inhuman" health hazard is causing him to feel nauseous and to cough up soot and blood. (Id.) He also asserts that his cell lacks running water. (Id.)

It is unclear from Gillilan's complaint whether he is alleging that he contracted tuberculosis and hepatitis-C from his current unsanitary cell or from past unsanitary cells. To the extent he is alleging that he caught these diseases from past cells, his claim fails to meet the requirement that he be in imminent danger *at the time he files his complaint*. Medberry, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is

4

an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). To the extent he is alleging that he contracted tuberculosis and hepatitis-C as a result of being placed in a sooty cell for two days, his allegations are utterly fanciful and, therefore, do not place him within 1915(g)'s imminent danger exception. While Gillilan asserts that he has spit up something "black . . . with blood," he never alleges that the air in his cell is filled with smoke, only that he is exposed to a black sooty residue from the trash fire set by another inmate. (Doc. 1 at 4.) While the Court recognizes that some of this residue may become airborne and that Gillilan may have breathed in some fine particulate matter that discolored his sputum or irritated his nasal passages, his brief exposure to such sooty conditions does not arise to the level of "imminent danger of serious physical injury," as required by § 1915(g). Anyone miles downwind from a forest fire (as many of us in South Georgia have been in recent years) experiences a similar diminishment in air quality. But what the rest of us treat as a nuisance, Mr. Gillilan considers a life-threatening situation. Mr. Gillilan is exquisitely

5

sensitive to all affronts (as his many frivolous lawsuits demonstrate), but he will have to allege more than brief exposure to sooty residue from a previous fire in his cell to warrant consideration from this Court.

In addition, Gillilan's claim that his cell lacks running water also fails to meet the requirements of the imminent danger exception. Although the lack of running water in his cell may be inconvenient, Gillilan has not alleged that he has been unable to shower, use the toilet, or get drinking water. Accordingly, his claim that the cell lacks running water does not rise to the level of a constitutional violation. See, e.g., Hammond v. Briley, 2004 WL 413293, at *6 (N.D. Ill. Jan. 29, 2004) (inmate placed in cell without hot water did not state a constitutional violation); Easter v. Cooper, 1995 WL 109343, at *3 (N.D. Ill. Mar. 10, 1995) (inmate placed in cell with graffiti and no running water for seven days had no cognizable constitutional claim). Consequently, the Court concludes that his present complaint does not adequately assert that he is in imminent danger of serious physical injury.

Gillilan, a frequent filer who is very aware of 1915(g)'s imminent danger exception, is precisely the type of litigant for whom the three strikes rule was designed. For the reasons stated above, his motion to proceed without prepayment of fees is **DENIED** and his case should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this 10th day of July, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**